**Opinion filed March 17, 2011**



## In The

# Eleventh Court of Appeals

_____

## Nos. 11-10-00239-CR & 11-10-00270-CR

_____

### COY DUANE LOWREY, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause Nos. 13178 & 13179**

### M E M O R A N D U M   O P I N I O N

Pursuant to a plea agreement, Coy Duane Lowrey pleaded guilty in 2006 to two offenses of burglary of a habitation with intent to commit theft. In cause no. 11-10-00239-CR (trial court cause no. 13178), the trial court deferred a finding of guilt and placed appellant on deferred adjudication community supervision for a term of ten years. The trial court additionally imposed a fine of $3,000. In cause no. 11-10-00270-CR (trial court cause no. 13179), the trial court accepted appellant's plea of guilty and placed him on community supervision for a term of ten years.

In January 2009, the State filed a motion to proceed with an adjudication of guilt in cause no. 11-10-00239-CR alleging multiple violations of the terms and conditions of community supervision. The State filed an amended motion to proceed with an adjudication of guilt in August 2010 in cause no. 11-10-00239-CR that also alleged multiple violations of the terms and conditions of community supervision. The State additionally filed a motion to revoke community supervision in cause no. 11-10-00270-CR in August 2010 that alleged the same violations as the motion to proceed filed in cause no. 11-10-00239-CR.

The trial court heard both the amended motion to proceed and the motion to revoke community supervision on August 31, 2010. Appellant pleaded "true" to all of the violations alleged by the State. Based upon appellant's plea, the trial court found all of the alleged violations to be true. In cause no. 11-10-00239-CR, the trial court adjudicated appellant guilty of the charged offense and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of fifteen years. The trial court's judgment adjudicating guilt in cause no. 11-10-00239-CR also included the assessment of the original fine in the amount of $3,000. In cause no. 11-10-00270-CR, the trial court revoked appellant's term of community supervision and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of ten years. The trial court further ordered that the two sentences are to be served concurrently. We dismiss the appeals.

Appellant's court-appointed counsel has filed a motion to withdraw in each case. Each motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided appellant with a copy of the briefs and advised appellant of his right to review the records and file a response to counsel's briefs. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

---

[1]By letter, this court granted appellant thirty days in which to exercise his right to file a response to counsel's briefs.
.

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the records, and we agree that the appeals are without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review with the clerk of this court seeking review by the Texas Court of Criminal Appeals. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motions to withdraw are granted, and the appeals are dismissed.


PER CURIAM


March 17, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.